**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SIDRA AKRAM | : | |
| | : | |
| v. | : | |
| | : | |
| TARGET, TARGET CORPORATION, c/o CT | : | NO. |
| CORPORATION, TARGET STORES c/o ct | : | |
| CORPORATION, and JOHN DOES 1-4 | : | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

To:   Keith W.  Kofsky, Esquire - *Attorney for Plaintiff*
Clearfield & Kofsky
One Penn Center at Suburban Station
1617 JFK Blvd., Suite 355
Philadelphia, PA 19103

PLEASE TAKE NOTICE that on November 1, 2021, Defendants, Target Corporation,

Target and Target Stores (hereinafter collectively "Target") filed a Notice of Removal, a copy of

which is attached hereto, in the above captioned litigation in the United States District Court for

the Eastern District of Pennsylvania.

You are advised that Target, upon the filing of such Notice of Removal in the Office of

the Clerk of the United States District Court for the Eastern District of Pennsylvania, also filed a

copy thereof with the Prothonotary of the Philadelphia Court of

Common Pleas to effect removal, pursuant to 28 U.S.C. §1446(d).

KOLBER & RANDAZZO, PC

_____*/s/Susanna Randazzo*_____
Susanna Randazzo, Esquire
*Attorney for Defendant Target Corporation*
Attorney ID: 79116
Kolber & Randazzo P.C.
One South Broad Street, Suite 1610
Philadelphia, Pennsylvania 19107
(215) 567-1333

Susanna Randazzo, Esquire
Attorney I.D. #: 79116
Kolber & Randazzo, PC                          Attorney for Defendants Target Corporation,
One South Broad Street                         Target and Target Stores
Suite 1610
Philadelphia, PA 19107
Tel  (215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

_____

SIDRA AKRAM                          :        COURT OF COMMON PLEAS
                                     :        PHILADELPHIA COUNTY
                                     :
        v.                           :        AUGUST TERM, 2021
                                     :
TARGET, TARGET CORPORATION,          :        NO.  002633
c/o CT CORPORATION, TARGET           :
STORES c/o CT CORPORATION, and       :
JOHN DOES 1-4                        :

**NOTICE OF REMOVAL OF DEFENDANTS**
**TARGET CORPORATION, TARGET AND TARGET STORES**

        To the Honorable Judges of the United States District Court for the Eastern District of

Pennsylvania:

        Pursuant to 28 U.S.C. §1332, 1441 and 1446, Defendants Target Corporation, Target and

Target Stores (hereinafter collectively "Target and/or Target Corporation") through its counsel,

Susanna Randazzo, Esquire, respectfully petitions for the removal of this action from

Philadelphia County Court of Common Pleas to the United States District Court for the Eastern

District of Pennsylvania.  In support thereof, Defendant states the following:

        1.      On August 30, 2021, plaintiff Sidra Akram initiated an action against Target

Corporation, Target and Target Stores by the filing of a Complaint in the Philadelphia Court of

Common Pleas, Docket No.: 210802633 (See Exhibit "A").

2.      Plaintiff served Target on October 1, 2021 at a Target store[1].  (See Exhibit "B", Service of Process Transmittal)."

3.      On October 20, 2021, Susanna Randazzo, Esquire entered her appearance on behalf of Target Corporation (See Exhibit "C", Electronically filed copy of Entry of Appearance).

4.      Target Corporation's responsive pleading to Plaintiff's Complaint was electronically filed in the Philadelphia Court of Common Pleas on October 20, 2021 (See Exhibit "D", Electronic-filed copy of Answer to Plaintiff's Complaint and New Matter).

5.      This Notice of Removal is timely filed within thirty days after service of the Complaint upon Target Corporation pursuant to 28 U.S.C. §1446 (b).

6.       Plaintiff, Sidra Akram, is a citizen of Pennsylvania and resides at 619 Country Lane, Morton, PA, 19070.

7.      Target Corporation is neither incorporated nor maintains its principal place of business in the Commonwealth of Pennsylvania.

8.      Target Corporation is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State, specifically, 1000 Nicollett Mall, Minneapolis, MN 55403.

9.      At the time of the filing of the Plaintiff' Complaint and at the time of this removal there is diversity of citizenship among the parties pursuant to 28 U.S.C. §1332(a)(1).

10.     Plaintiff's Complaint alleges that on or about October 3, 2019 she was at the Target Store located at 875 Baltimore Pike, Springfield, PA when she was caused to fall due to

---

[1] It is specifically denied that service of Target Corporation at a Target store is proper service; however, on or about October 13, 2021, Plaintiff served Target at it's registered agent for service, CT Corporation (Exhibit E).  Accordingly, service of process is not at issue.

"a wet and/or slippery substance on the floor." (Exhibit "A"  ¶s 21 and 23).

11.    Plaintiff alleges that she as a result of the incident she "suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries..."(Exhibit "A"  ¶ 30).

12.    Plaintiff is also alleging that as a result of the alleged incident she suffered a severe loss of earnings and impairment of earning power.  (Exhibit A, ¶32).

13.    Plaintiff's Complaint demands damages in excess of fifty thousand dollars ($50,000).  (Exhibit A).

14.    Based on Plaintiff's claims, which are specifically denied, the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000), and therefore satisfies the amount in controversy threshold for federal diversity jurisdiction.  28 U.S.C. §1332(a) and §1441(a).

15.    Written notice of the filing of this Notice will be served on the adverse party as required by 28 U.S.C. §1446(d).

16.    A copy of this Notice will be filed with the Prothonotary of the Philadelphia Court of Common as provided by 28 U.S.C. §1446 (d).

17.    Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibits A through D.

**WHEREFORE,** Defendant Target Corporation prays that it may effect the removal of

this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,


_/s/Susanna Randazzo_
Susanna Randazzo, Esquire
Attorney for Defendant Target Corporation
Attorney ID: 79116
Kolber & Randazzo P.C.
One South Broad Street St. - Suite 1610
Philadelphia, Pennsylvania 19107
(215) 567-1333

Dated: November 1, 2021

## CERTIFICATE OF SERVICE

I, Susanna Randazzo, attorney for Defendant Target Corporation d/b/a Target Stores state

that on this date, the Defendant's Notice of Removal was filed and a copy was sent via electronic

mail, on the date of acceptance to Plaintiff's counsel, Marc Greenfield, Esquire:

mfg@injuryline.com

By:     */s/Susanna Randazzo*
        Susanna Randazzo, Esquire
        Attorney for Target Corporation
        Attorney ID: 79116
        Kolber & Randazzo P.C.
        One South Broad Street St. - Suite 1610
        Philadelphia, Pennsylvania 19107
        (215) 567-1333

Dated: November 1, 2021

# EXHIBIT A

**The Philadelphia Courts**
# Civil Docket Access

No Items in Cart   LOGOUT   srandazzo

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 210802633 |
| **Case Caption:** | AKRAM VS TARGET ETAL |
| **Filing Date:** | Monday , August 30th, 2021 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PREMISES LIABILITY, SLIP/FALL |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | KOFSKY, KEITH W |
| **Address:** | 1617 J.F.K. BLVD.,#355 PHILADELPHIA PA 19103 (215)563-6333 Kkofskylaw@gmail.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | AKRAM, SIDRA |
| **Address:** | 619 COUNTRY LANE MORTON PA 19070 | **Aliases:** | *none* | |
| | | | | |
| 3 | 8 | | DEFENDANT | TARGET |
| **Address:** | 857 BALTIMORE PIKE SPRINGFIELD PA 19064 | **Aliases:** | *none* | |

| 4 | 8 | DEFENDANT | TARGET CORPORATION |
|---|---|---|---|
| **Address:** | 600 N. 2ND STREET, SUITE 401 HARRISBURG PA 17101 | **Aliases:** | CT CORPORATION SYSTEM C/O |
| | | | |
| 5 | 8 | DEFENDANT | TARGET STORES |
| **Address:** | 600 N. 2ND STREET, SUITE 401 HARRISBURG PA 17101 | **Aliases:** | CT CORPORATION SYSTEM C/O |
| | | | |
| 6 | | DEFENDANT | JOHN DOES 1-4 |
| **Address:** | UNKNOWN PHILADELPHIA PA 00000 | **Aliases:** | *none* |
| | | | |
| 7 | | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* |
| | | | |
| 8 | | ATTORNEY FOR DEFENDANT | RANDAZZO, SUSANNA |
| **Address:** | KOLBER & RANDAZZO PC ONE SOUTH BROAD STREET SUITE 1610 PHILADELPHIA PA 19107 (215)567-1333 srandazzo@krpc-law.com | **Aliases:** | *none* |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 30-AUG-2021 11:00 AM | ACTIVE CASE | | | 30-AUG-2021 11:02 AM |
| **Docket Entry:** | E-Filing Number: 2108055118 | | | |
| | | | | |
| 30-AUG-2021 11:00 AM | COMMENCEMENT CIVIL ACTION JURY | KOFSKY, KEITH W | | 30-AUG-2021 11:02 AM |

| Documents: | Final Cover | | | |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 30-AUG-2021 11:00 AM | COMPLAINT FILED NOTICE GIVEN | KOFSKY, KEITH W | | 30-AUG-2021 11:02 AM |
| **Documents:** | Akram Sidra-Complaint and verification.pdf discovery to defts.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| | | | | |
|---|---|---|---|---|
| 30-AUG-2021 11:00 AM | JURY TRIAL PERFECTED | KOFSKY, KEITH W | | 30-AUG-2021 11:02 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| | | | | |
|---|---|---|---|---|
| 30-AUG-2021 11:00 AM | WAITING TO LIST CASE MGMT CONF | KOFSKY, KEITH W | | 30-AUG-2021 11:02 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 24-SEP-2021 04:19 PM | PRAECIPE TO REINSTATE CMPLT | KOFSKY, KEITH W | | 27-SEP-2021 09:22 AM |
| **Documents:** | Praecipe and complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF SIDRA AKRAM) | | | |

| | | | | |
|---|---|---|---|---|
| 10-OCT-2021 04:18 PM | AFFIDAVIT OF SERVICE FILED | | | 12-OCT-2021 09:13 AM |
| **Documents:** | Wheeler.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON TARGET BY PERSONAL SERVICE ON 10/01/2021 FILED. | | | |

| | | | | |
|---|---|---|---|---|
| 20-OCT-2021 04:24 PM | ENTRY OF APPEARANCE | RANDAZZO, SUSANNA | | 20-OCT-2021 04:25 PM |
| **Documents:** | ENTRY.pdf Jury Demand.pdf | | | |
| **Docket** | ENTRY OF APPEARANCE OF SUSANNA RANDAZZO FILED. (FILED ON | | | |

| **Entry:** | BEHALF OF TARGET STORES, TARGET CORPORATION AND TARGET) | | | |
|---|---|---|---|---|
| | | | | |
| 20-OCT-2021 11:29 PM | ANSWER TO COMPLAINT FILED | RANDAZZO, SUSANNA | | 21-OCT-2021 09:07 AM |
| **Documents:** | Answer and NM.pdf | | | |
| **Docket Entry:** | ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF TARGET STORES, TARGET CORPORATION AND TARGET) | | | |
| | | | | |
| 22-OCT-2021 12:45 AM | AFFIDAVIT OF SERVICE FILED | | | 22-OCT-2021 10:21 AM |
| **Documents:** | Akram.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON TARGET STORES AND TARGET CORPORATION BY PERSONAL SERVICE ON 10/13/2021 FILED. | | | |

▸ Case Description    ▸ Related Cases    ▸ Event Schedule    ▸ Case Parties    ▸ Docket Entries

[ E-Filing System ]    [ Search Home ]

CLEARFIELD & KOFSKY
By:  KEITH W. KOFSKY, ESQUIRE
Identification No.: 65725
One Penn Center at Suburban Station
1617 JFK Boulevard, Suite 355
Philadelphia, PA  19103
(215) 563-6333

THIS IS A MAJOR JURY MATTER.
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

*Filed and Attested by the
Office of Judicial Records*
*Attorneys for Plaintiff*

| | |
|---|---|
| SIDRA AKRAM<br>619 Country Lane<br>Morton, PA 19070 | COURT OF COMMON PLEA<br>PHILADELPHIA COUNTY |
| v. | AUGUST TERM, 2021<br>NO. |
| TARGET<br>857 Baltimore Pike<br>Springfield, PA 19064<br>and<br>TARGET CORPORATION<br>c/o CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>And<br>TARGET STORES c/o CT CORPORATION<br>SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>And<br>JOHN DOES 1-4 | |

## COMPLAINT IN CIVIL ACTION
### (Code #2S - Premises Liability - Slip and Fall)

#### NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA  19107
(215) 238-1701

#### AVISO

"Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna.  19107
(215) 238-1701

Case ID: 210802633

## GENERAL AVERMENTS

1.      Plaintiff, Sidra Akram, is an adult individual who resides at the above-captioned address.

2.      Defendant, Target, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3.      Defendant, Target Corporation, (hereinafter referred to as Target Corp.") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4.      Defendant, Target Stores, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5.      Defendant, John Doe 1, a fictitious designation, is currently an unknown party.

6.      Upon information and belief, Defendant, John Doe 1, is that of a customer who may have contributed to the slippery substance being on the floor.

7.      The identity of John Doe 1, is unknown after a reasonable search with due diligence.

-2-

8.     Defendant, John Doe 2, a fictitious designation, is currently an unknown party.

9.     Upon information and belief, Defendant, John Doe 2, is that of a contractor.

10.    Upon information and belief, Defendant, John Doe 2, potentially had responsibility for maintaining the premises.

11.    The identity of John Doe 2, is unknown after a reasonable search with due diligence.

12.    Defendant, John Doe 3, a fictitious designation, is currently an unknown party.

13.    Upon information and belief, Defendant, John Doe 3, is that of a sub-contractor.

14.    Upon information and belief, Defendant, John Doe 3, potentially had responsibility for maintaining the premises.

15.    The identity of John Doe 3, is unknown after a reasonable search with due diligence.

16.    Defendant, John Doe 4, a fictitious designation, is currently an unknown party

17.    Upon information and belief, Defendant, John Doe 4, is that of a vendor.

18.    Upon information and belief, Defendant, John Doe 4, potentially had responsibility for setting up displays on the premises.

19.    The identity of John Doe 4, is unknown after a reasonable search with due diligence.

20.    At all times material hereto Defendants, Target Corporation and/or Target Stores regularly conducted business in Philadelphia County.

21.    At all times material hereto, Defendants, Target and/or Target Corporation and/or Target Stores. did own and/or manage and/or operate and/or control and/or possess the premises including the floors inside the facility known as Target located at 875 Baltimore Pike, Springfield, Pennsylvania.

-3-

Case ID: 210802633

22.    At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

23.    On or about October 3, 2019, and for some time prior thereto, Defendants acting by and through its agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: a wet and/or slippery substance on the floor near the greeting card aisle was permitted to exist and remain at the aforementioned premises, for an unreasonable period of time.

24.    On or about October 3, 2019, Plaintiff, Sidra Akram was a business invitee at the aforesaid location.

25.    Plaintiff fell to the ground by reason of coming in contact with the aforementioned dangerous and defective condition at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

26.    Said Defendants were responsible for the proper maintenance of the premises including the floors and safety of business invitees and/or lawful pedestrians inside of their leased premises.

27.    The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

-4-

Case ID: 210802633

## COUNT I
## PLAINTIFF, SIDRA AKRAM v. DEFENDANTS, TARGET, TARGET CORPORATION & TARGET STORES,  ONLY

28.     Plaintiff, Sidra Akram, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

29.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     Defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the  floors at reasonable intervals to determine the condition thereof;

(f)     failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)     failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(h)     failing to provide Plaintiff with a safe and adequate passageway;

-5-

Case ID: 210802633

(i)    allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

(j)    failing to place mats or other absorbent materials on the floor near the defect;

(k)    failing to provide a safe and adequate passageway;

(l)    failing to hire and/or supervise competent contractors to provide proper maintenance on the premises;

(m)    failing to hire a sufficient number of employees to ensure the safety of their invitees;

(n)    permitting a roof or utility structure to fall into disrepair and leak onto the floor;

(o)    permitting a refrigeration device to fall into disrepair and subsequently leak;

(p)    failing to properly stock merchandise so as to prevent spillage of slippery substances;

(q)    failing to properly stock merchandise so as to prevent spills;

(r)    failing to properly train employees to stock, clean and warn customers of spills;

(s)    permitting a plumbing apparatus to fall into disrepair

(t)    negligence per se;

(u)    in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

-6-

Case ID: 210802633

30.     As a result of this accident, Plaintiff, Sidra Akram, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

31.     As a further result of this accident, Plaintiff, Sidra Akram has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

32.     As a further result of this accident, Plaintiff, Sidra Akram, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

33.     As a further result of this accident, Plaintiff, Sidra Akram, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

34.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Sidra Akram, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

35.     As a further result of the accident aforementioned, Plaintiff, Sidra Akram, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Sidra Akram, demands judgment against the defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

-7-

Case ID: 210802633

## COUNT II
## PLAINTIFF, SIDRA AKRAM v. DEFENDANT, JOHN DOE 1 (customer), ONLY

36.     Plaintiff, Sidra Akram, incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

37.     The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

       (a)     allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

       (b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

       (c)     Defendant knew or should have known of the existence of said dangerous condition;

       (d)     failing to give warning or notice of the defective condition;

       (e)     in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

38.     As a result of this accident, Plaintiff, Sidra Akram, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

-8-

Case ID: 210802633

39.     As a further result of this accident, Plaintiff, Sidra Akram, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

40.     As a further result of this accident, Plaintiff, Sidra Akram, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

41.     As a further result of this accident, Plaintiff, Sidra Akram, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

42.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Sidra Akram, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

43.     As a further result of the accident aforementioned, Plaintiff, Sidra Akram has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Sidra Akram, demands judgment against the defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

<u>**COUNT III**</u>
<u>**PLAINTIFF, SIDRA AKRAM v. DEFENDANT, JOHN DOE 2 (contractor),**</u>
<u>**ONLY**</u>

44.     Plaintiff, Sidra Akram, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I and II, as if they were set forth at length herein.

Case ID: 210802633

45. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a) allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) Defendant knew or should have known of the existence of said dangerous condition;

(d) failing to give warning or notice of the defective condition;

(e) failing to inspect the floors at reasonable intervals to determine the condition thereof;

(f) failing to mop and/or remove the wet and/or slippery substance from the floor;

(g) failing to inspect the floor at reasonable intervals to determine the condition thereof;

(h) failing to provide Plaintiff with a safe and adequate passageway;

(i) allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

(j) failing to place mats or other absorbent materials on the floor near the defective condition;

(k) failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

Case ID: 210802633

(l)   permitting a roof or utility structure to fall into disrepair and leak onto the floor;

(m)   permitting a refrigeration device to fall into disrepair and subsequently leak;

(n)   failing to properly stock merchandise so as to prevent spillage of slippery substances;

(o)   permitting a plumbing apparatus to fall into disrepair

(p)   failing to provide proper maintenance on the premises;

(q)   in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

46.   As a result of this accident, Plaintiff, Sidra Akram, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

47.   As a further result of this accident, Plaintiff, Sidra Akram, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

48.   As a further result of this accident, Plaintiff, Sidra Akram, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

-11-

49.     As a further result of this accident, Plaintiff, Sidra Akram, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

50.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Sidra Akram, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

51.     As a further result of the accident aforementioned, Plaintiff, Sidra Akram, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Sidra Akram, demands judgment against the defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

## COUNT IV
## PLAINTIFF, SIDRA AKRAM v. DEFENDANT, JOHN DOE 3 (sub-contractor), ONLY

52.     Plaintiff, Sidra Akram, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I through III, as if they were set forth at length herein.

53.     The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a)     allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

-12-

(b)   said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)   Defendant knew or should have known of the existence of said dangerous condition;

(d)   failing to give warning or notice of the defective condition;

(e)   failing to inspect the floors at reasonable intervals to determine the condition thereof;

(f)   failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)   failing to inspect the floor at reasonable intervals to determine the condition thereof;

(h)   failing to provide Plaintiff with a safe and adequate passageway;

(i)   allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

(j)   failing to place mats or other absorbent materials on the floor near the defective condition;

(k)   failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(l)   failing to provide proper maintenance on the premises;

(m)   in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

-13-

Case ID: 210802633

54.     As a result of this accident, Plaintiff, Sidra Akram, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

55.     As a further result of this accident, Plaintiff, Sidra Akram, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

56.     As a further result of this accident, Plaintiff, Sidra Akram, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

57.     As a further result of this accident, Plaintiff, Sidra Akram, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

58.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Sidra Akram, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

59.     As a further result of the accident aforementioned, Plaintiff, Sidra Akram, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Sidra Akram, demands judgment against the defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

Case ID: 210802633

## COUNT V
### PLAINTIFF, SIDRA AKRAM v. DEFENDANT, JOHN DOE 3 (vendor),  ONLY

60.    Plaintiff, Sidra Akram, incorporates by reference hereto, all of the allegations contained in the General Averments and Counts I through IV, as if they were set forth at length herein.

61.    The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

(a)    allowing and/or causing a dangerous and defective condition to exist on the floor at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

(b)    said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)    Defendant knew or should have known of the existence of said dangerous condition;

(d)    failing to give warning or notice of the defective condition;

(e)    failing to inspect the  floors at reasonable intervals to determine  the condition thereof;

(f)    failing to mop and/or remove the wet and/or slippery substance from the floor;

(g)    failing to inspect the  floor at reasonable intervals to determine the condition thereof;

(h)    failing to provide Plaintiff with a safe and adequate passageway;

(i)    allowing a wet and/or slippery substance to accumulate on the floor for an unreasonable length of time;

-15-

Case ID: 210802633

(j)    failing to properly set up displays so as to prevent liquids from falling onto the floor;

(k)    failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(l)    in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

62.    As a result of this accident, Plaintiff, Sidra Akram, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: disc injuries, left knee sprain and strain, bilateral hip injury, coccyx injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

63.    As a further result of this accident, Plaintiff, Sidra Akram, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

64.    As a further result of this accident, Plaintiff, Sidra Akram, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

65.    As a further result of this accident, Plaintiff, Sidra Akram, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

Case ID: 210802633

66.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Sidra Akram, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

67.     As a further result of the accident aforementioned, Plaintiff, Sidra Akram, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Sidra Akram, demands judgment against the defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

/s/ *Keith W. Kofsky*

BY: _____

Keith W. Kofsky, Esquire
Attorney for Plaintiff, Sidra Akram

-17-

Case ID: 210802633

## VERIFICATION

I, Sidra Akram hereby verify that I am the
Plaintiff in the attached Complaint , and
that the facts set forth herein are true and correct to the best of my knowledge,
information and belief. I understand that false statements made herein are subject
to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to
authorities.

NAME

ADDRESS

DATE

# EXHIBIT B

Daly Services

**SHERIFF'S RETURN OF SERVICE -**

(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required)

COURT TERM AND NUMBER
*Filed and attested by the*
*Office of Judicial Records*
21-08-2633 10 OCT 2021-04:18 pm

| **TO BE COMPLETED BY ATTORNEY** | | SHERIFF'S NUMBER INV# 46498 51.30 | |
|---|---|---|---|
| **PLANTIFF** | | | |
| Sidra Akram | | COST 9.24.21 | MILEAGE 1 copy |
| **DEFENDANT(S)** | | DISTRICT | |
| Target | | □ Summons | ☒ Complaint |
| | | □ Other: | |
| **SERVE AT** | | TYPE OF ACTION | |
| 857 Baltimore Pike, Springfield, PA 19064 | | Civil | |
| SPECIAL INSTRUCTIONS | | | |
| Delaware County Sheriff | | | |

**TO BE COMPLETED BY SHERIFF**

Served and made known to _____ UEF _____ Defendant(s) on the ⑩ /st day of

_0,+_ , 20_21_ , at _11:20_ o'clock ⚲M. at _____ S/A _____ Street, Commonwealth of

Pennsylvania, in the manner described below:

□ Defendant(s) personally served

□ Adult family member with whom said Defendant(s) reside(s). Relationship is _____

□ Adult in charge of Defendant's residence who refused to give a name or relationship

□ Manager/Clerk of place of lodging in which Defendant(s) reside(s).

□ Agent or person in charge of Defendant's office or usual place of business

□ _____ A _____ and officer of said Defendant company

□ Other _____ Huanna Bogers / REP _____

SHERIFF
By _____ NPS A. Dicad.
Deputy Sheriff

*Sworn to and subscribed before me this 5th day of [illegible] 20 21.*

On the _____ day of _____, 20___, at _____ o'clock ___M. Defendant not found because:

□ Moved   □ Unknown   □ No Answer   □ Vacant   □ Other: _____ and make return thereof and according to law

SHERIFF
By _____
Deputy Sheriff

| **TO BE COMPLETED BY ATTORNEY** | **TO BE COMPLETED BY PROTHONOTARY** |
|---|---|
| Name ___Daly Services Inc.___ | |
| Address ___3227 Riding Court Chalfont PA___ | |
| Telephone Number ___(267) 784 - 9138___ | A   T   T   E   S   T |
| Attorney Name ___Keith Kofssky Esq___ | |
| Represents: ___Sidra Akram___  ☒ Plaintiff(s) | PRO |
| □ Defendant(s) | 09/24/21 |
| □ Other | Date |

Commonwealth of Pennsylvania - Notary Public
GRACE M SPECK - Notary Public
Delaware County
My Commission Expires Aug 3, 2022
Commission Number 1226571
Commonwealth of Pennsylvania - Notary Seal

Case ID: 210802633

# EXHIBIT C

Susanna Randazzo, Esquire
Attorney I.D. #: 79116
Kolber & Randazzo, PC
One South Broad Street
Suite 1610
Philadelphia, PA 19107
Tel  (215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

Attorney for Defendant,
Target Stores c/o CT CORP and
Target

*Filed and Attested by the
Office of Judicial Records
20 OCT 2021 04:24 pm
R. TAURINO*

---

| | | |
|---|---|---|
| SIDRA AKRAM | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | AUGUST TERM, 2021 |
| | : | |
| TARGET, TARGET CORPORATION, | : | NO.  002633 |
| c/o CT CORPORATION, TARGET | : | |
| STORES c/o CT CORPORATION, and | : | |
| JOHN DOES 1-4 | : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Enter my appearance as counsel for Defendant Target Corporation (incorrectly

identified as Target Corporation c/o CT Corporation System, Target and Target Stores c/o CT

Corporation System) in the above entitled matter.

Kolber & Randazzo, PC

Susanna Randazzo,
Attorney for Defendant
Target Corporation

Dated:  October 20, 2021

# EXHIBIT D

Susanna Randazzo, Esquire
Attorney I.D. #: 79116
Kolber & Randazzo, PC
One South Broad Street
Suite 1610
Philadelphia, PA 19107
Tel  (215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

Attorney for Defendant Target Corporation,
(incorrectly identified as Target Stores c/o
CT Corporation and Target)

| | | |
|---|---|---|
| SIDRA AKRAM | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | AUGUST TERM, 2021 |
| | : | |
| TARGET, TARGET CORPORATION, | : | NO.  002633 |
| c/o CT CORPORATION, TARGET | : | |
| STORES c/o CT CORPORATION, and | : | |
| JOHN DOES 1-4 | : | |

**TARGET CORPORATION'S (INCORRECTLY IDENTIFIED AS
TARGET AND TARGET STORES C/O CT CORPORATION)
ANSWER TO PLAINTIFF'S COMPLAINT
AND NEW MATTER ADDRESSED TO PLAINTIFF**

AND NOW comes Target Corporation (incorrectly identified as Target, Target Stores c/o
CT Corporation) (hereinafter collectively "Target" and/or "Defendant"), by and through its
counsel KOLBER & RANDAZZO, P.C. and responds as follows to Plaintiff's Complaint:

1.       Denied.  After reasonable investigation, Defendant is without knowledge or
information sufficient to form a belief as to the truth of this averment.

2.       Denied. "Target" is a trade name utilized by Target Corporation, which is not a
business entity and does not conduct business in Pennsylvania. The remaining allegations
contained in this paragraph of plaintiff's Complaint are denied as conclusions of law to which no
responsive pleading is required.

Case ID: 210802633

3.      Admitted in part, denied in part. It is admitted only as a general proposition that Defendant Target Corporation is a business entity registered to do business in the Commonwealth of Pennsylvania.  Moreover, Target is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State, specifically, 1000 Nicollett Mall, Minneapolis, MN 55403.  It is further admitted that Target Corporation is a Minnesota corporation and has an office for service of process in Harrisburg, PA. It is specifically denied that Target Corporation is a partnership, franchise, fictitious name and/or proprietorship. All remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

4.      Admitted in part, denied in part.  It is specifically denied that Target Stores, is a proper defendant in this action.  Moreover, Target Stores is incorrectly identified by Plaintiff. To the extent that this averment is directed to Target Corporation, it is admitted only as a general proposition that Defendant Target Corporation is a business entity registered to do business in the Commonwealth of Pennsylvania.  Moreover, Target is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in that State, specifically, 1000 Nicollett Mall, Minneapolis, MN 55403.   All remaining allegations of this paragraph are denied as conclusions of law to which no responsive pleading is required.

5.      Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

6.      Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

Case ID: 210802633

7.      Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

8.      Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

9.      Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

10.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.  Moreover, the averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

11.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

12.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

13.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

Case ID: 210802633

14.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them. Moreover, the averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

15.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

16.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

17.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

18.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them. Moreover, the averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

19.     Denied. The allegations of this paragraph are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

20.     Admitted in part, denied in part. It is admitted only as a general proposition that

Defendant Target Corporation is a business entity registered to do business in the

Commonwealth of Pennsylvania including Philadelphia County.  It is specifically denied that

Target Stores conducts business in the Commonwealth of Pennsylvnia including Philadelphia

County.  All remaining allegations of this paragraph are denied as conclusions of law.

21.     Admitted in part, denied in part. Target Corporation admits that it owns and

operates the Target Store located at 875 Baltimore Pike, Springfield, Pennsylvania.  It is

specifically denied that Target and/or Target Stores owns, manages and/or operates the store

located at 875 Baltimore Pike, Springfield, PA.  All averments of control and possession are

specifically denied. The remaining allegations contained in this paragraph of plaintiff's

Complaint are denied as conclusions of law to which no responsive pleading is required.

22.     Denied.  The allegations of this paragraph contain conclusions of law to which no

responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the

extent that the allegations of this paragraph are factual, after reasonable investigation answering

defendant denies them.  All averments of agency are specifically denied as conclusions of law or

mixed conclusion of fact and law to which no further response is required.  The allegations of

agency are also denied as stated on the grounds that no agents have been designated or named.

23.     Denied.  The allegations of this paragraph contain conclusions of law to which no

responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the

extent that the allegations of this paragraph are factual, after reasonable investigation answering

defendant denies them.  All averments of agency are specifically denied as conclusions of law or

mixed conclusion of fact and law to which no further response is required.  The allegations of

agency are also denied as stated on the grounds that no agents have been designated or named.

Moreover, it is specifically denied that a dangerous and/or defective condition existed as alleged

or otherwise. It is specifically denied that Answering Defendant knew or had reason to know of any dangerous, hazardous, and/or defective condition.

24.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them. It is specifically denied that the Plaintiff was a business invitee.

25.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them. It is specifically denied that the Plaintiff sustained any injuries and/or was injured as alleged. It is specifically denied that a dangerous and/or defective condition existed as alleged.

26.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them. It is specifically denied that a dangerous and/or defective condition existed as alleged.  It is specifically denied that plaintiff was a business invitee.  All averments of duty to maintain are specifically denied.

27.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  Defendant specifically denies that it was negligent and/or careless as alleged in this paragraph, or otherwise. To the contrary, Defendant avers that the alleged accident

was solely the result of the negligence of plaintiff or of other individuals over whom defendant had no control.

## COUNT I
### Plaintiff, Sidra Akram V.  Defendant: Target, Target Corporation, & Target Store

28.     Defendant hereby incorporates by reference each of the preceding paragraphs of this answer as if set forth fully and at length herein.

29.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them. It is specifically denied that Answering Defendant was negligent or careless in any manner whatsoever and particularly as alleged in this paragraph.  To the contrary, Answering Defendant acted at all times in a non-negligent, non-careless and non-liability producing manner.  If the Plaintiff sustained any injuries or damages as alleged, which is denied, then said injuries and damages were caused by the actions, omissions, negligence, carelessness, recklessness and other liability producing conduct on the part of Plaintiff and/or others and were caused in no manner whatsoever by Answering Defendant. It is specifically denied that a dangerous and/or defective condition existed as alleged. It is specifically denied that Answering Defendant knew or had reason to know of any dangerous, hazardous, and/or defective condition.

30.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

31.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

32.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

33.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

34.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

35.     Denied.  The allegations of this paragraph contain conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  To the extent that the allegations of this paragraph are factual, after reasonable investigation answering

defendant denies them.  It is specifically denied that Defendant caused either directly or proximately the injuries, damages or losses alleged in Plaintiff's Complaint.

**WHEREFORE**, Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of answering defendant and against plaintiff, together with interest and costs of suit.

## COUNT II
### Plaintiff, Sidra Akram V.  Defendant, John Doe 1 (cusomer)

36.     Defendant hereby incorporates by reference each of the preceding paragraphs of this answer as if set forth fully and at length herein.

37. - 43. Denied. The allegations of paragraphs 37 through and inclusive of 43 are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

**WHEREFORE**, Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of answering defendant and against plaintiff, together with interest and costs of suit.

## COUNT III
### Plaintiff, Sidra Akram V.  Defendant, John Doe 2 (contractor)

44.     Defendant hereby incorporates by reference each of the preceding paragraphs of this answer as if set forth fully and at length herein.

45. - 51. Denied. The allegations of paragraphs 45 through and inclusive of 51 are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

Case ID: 210802633

**WHEREFORE**, Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of answering defendant and against plaintiff, together with interest and costs of suit.

### COUNT IV
### Plaintiff, Sidra Akram V.  Defendant, John Doe 3 (sub-contractor)

52.     Defendant hereby incorporates by reference each of the preceding paragraphs of this answer as if set forth fully and at length herein.

53. - 59. Denied. The allegations of paragraphs 53 through and inclusive of 59 are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

**WHEREFORE**, Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of answering defendant and against plaintiff, together with interest and costs of suit.

### COUNT V
### Plaintiff, Sidra Akram V.  Defendant, John Doe 3 (vendor)

60.     Defendant hereby incorporates by reference each of the preceding paragraphs of this answer as if set forth fully and at length herein.

61. - 67. Denied. The allegations of paragraphs 61 through and inclusive of 67 are not directed to Answering Defendant, accordingly no responsive pleading is required. To the extent that an answer is deemed necessary, after reasonable investigation answering defendant denies them.

**WHEREFORE**, Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of answering defendant and

against plaintiff, together with interest and costs of suit.

## NEW MATTER ADDRESSED TO PLAINTIFF

68.     The Complaint fails to state a cause of action.

69.     Plaintiff's claims for relief in this matter are barred or reduced by plaintiff's contributory and/or comparative negligence in that plaintiff's own negligence caused or contributed to causing her alleged accident and in that she failed to exercise reasonable care for her own safety.

70.     Plaintiff's claims in this case are barred or reduced by her assumption of risk.

71.     Plaintiff's claims in this matter are barred by the relevant Pennsylvania Statute of Limitations.

72.     Plaintiff's claims are barred or limited pursuant to the Pennsylvania Comparative Negligence Act which was in full force and effect at the time of said occurrence.

73.     Answering defendant did not owe any duty to plaintiff.

74.     Defendant asserts that the incident alleged in Plaintiff's Complaint was the result of the negligent, careless and/or other liability producing acts of a third party or independent contractor other than Defendant over whom Defendant exercise no authority or control.

75.     Plaintiff's claims in this matter are barred by the relevant Pennsylvania Equitable Doctrines of Estoppel and Laches.

76.     Plaintiff's claims in this matter are barred by the relevant Pennsylvania Equitable Doctrines of Statute of Frauds and Res Judicata.

77.     No act or omission on the part of Answering Defendant caused or contributed to any of plaintiff's alleged injuries.

78.     Plaintiff's claims are barred by superceding and/or intervening causes.

79.     Defendant denies that a dangerous and/or defective condition existed at the premises as alleged in Plaintiff's Complaint and denies that it had notice, either actual or constructive, of the alleged condition complained of in Plaintiff's Complaint.

80.     Plaintiff's claims are barred, in whole or in part, by the applicable statue of repose.

81.     The injuries and/or damages allegedly sustained by plaintiff were not proximately caused by any acts and/or omissions on the part of Answering Defendant.

82.     Defendant hereby reserves the right upon completion of its investigation and discovery, which is ongoing and incomplete, to file such additional affirmative defenses, counterclaims and/or third party complaints as may be appropriate.

**WHEREFORE,** Defendant denies that it is liable for the causes of action alleged by plaintiff in this civil action and requests entry of judgment in favor of defendant and against plaintiff, together with interest and costs of suit.

KOLBER & RANDAZZO, P.C.

Susanna Randazzo, Esquire
Attorney for Defendant Target Corporation
(incorrectly identified as Target, Target Store c/o
CT Corporation)

Date:   October 20, 2021

Case ID: 210802633

## **VERIFICATION**

Susanna Randazzo, Esquire hereby states that she is the attorney for Defendant Target Corporation (incorrectly identified as Target, Target Store c/o CT Corporation) in this action and verifies that the statements made in the foregoing Answer of Defendant to Plaintiff's Complaint and New Matter Addressed to Plaintiff are true and correct to the best of her knowledge, information and belief. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.


_____
Susanna Randazzo, Esquire
Attorney for Defendant Target Corporation
(incorrectly identified as Target, Target Store c/o
CT Corporation)

Case ID: 210802633

Susanna Randazzo, Esquire
Attorney I.D. #: 79116
Kolber & Randazzo, PC
One South Broad Street
Suite 1610
Philadelphia, PA 19107
Tel  (215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

Attorney for Defendant Target Corporation,
(incorrectly identified as Target Stores c/o
CT Corporation and Target)

| | | |
|---|---|---|
| SIDRA AKRAM | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | AUGUST TERM, 2021 |
| | : | |
| TARGET, TARGET CORPORATION, | : | NO.  002633 |
| c/o CT CORPORATION, TARGET | : | |
| STORES c/o CT CORPORATION, and | : | |
| JOHN DOES 1-4 | : | |

## CERTIFICATE OF SERVICE

I, Susanna Randazzo, attorney for Defendant Target Corporation (incorrectly identified as

Target, Target Store c/o CT Corporation) , state that on this date, the original of Defendant's

Answer to Plaintiff's Complaint with New Matter Addressed to Plaintiff was served to all

counsel electronically by the E-Filing system.

Susanna Randazzo, Esquire
Attorney for Defendant Target Corporation
(incorrectly identified as Target, Target Store c/o
CT Corporation)

Date: October 20, 2021

Case ID: 210802633

# EXHIBIT E

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



Nicholas Chimienti, Jr.
*Sheriff*

Jack Duignan
*Chief Deputy*

David B. Dowling
*Solicitor*

David E. Olweiler
*Real Estate Deputy*

| SIDRA AKRAM | **Case Number** |
|---|---|
| vs. | 2021-T-2503 |
| TARGET CORPORATION (et al.) | |

## SHERIFF'S RETURN OF SERVICE

10/11/2021    CASE # 210802633

10/11/2021    Advance Fee

10/13/2021    01:06 PM - DEPUTY JOSHUA M. LONG, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE REINSTATED COMPLAINT WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, TARGET CORPORATION AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

JOSHUA M. LONG, DEPUTY

10/13/2021    01:06 PM - DEPUTY JOSHUA M. LONG, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE REINSTATED COMPLAINT WAS SERVED TO LINDSEY FAULKNER, INTAKE SPECIALIST, WHO ACCEPTED AS ADULT IN CHARGE AT THE TIME OF SERVICE TO WIT, TARGET STORES AT C/O CT CORP, 600 N 2ND STREET, SUITE 401, HARRISBURG, PA 17101.

JOSHUA M. LONG, DEPUTY

SHERIFF COST: $60.50

SO ANSWERS,

NICHOLAS CHIMIENTI, JR., SHERIFF

October 19, 2021

### COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|---|---|---|---|---|---|
| 10/11/2021 | Advance Fee | Advance Fee | 150638 | $0.00 | $60.50 |
| 10/19/2021 | County Fee | | | $60.50 | $0.00 |
| | | | | $60.50 | $60.50 |
| | | | **BALANCE:** | $0.00 | |

### NOTARY

Affirmed and subscribed to before me this

19TH    day of    OCTOBER  , 2021

Commonwealth of Pennsylvania — Notary Seal
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission Number 1257392

Case ID: 210802633